FILED

APR 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES A. MORGAN, | No. 08-17605 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00333-PMP-PAL |
| v. | |
| CLARK COUNTY CREDIT UNION; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted April 5, 2010 [**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

James A. Morgan appeals pro se from the district court's judgment

dismissing his action arising from the alleged denial of disability benefits under an

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance policy.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007), and we affirm.

The district court properly dismissed for lack of subject-matter jurisdiction because there was no diversity jurisdiction, Morgan pleaded only state law claims, and Morgan's 42 U.S.C. § 1983 claim was not colorable.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (citation omitted)).

Because the district court lacked subject-matter jurisdiction, it properly dismissed the state law claims.  *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (explaining that a federal court has no discretion to retain supplemental jurisdiction over state law claims if the court dismisses the federal claims for lack of subject-matter jurisdiction).

We construe the judgment as a dismissal without prejudice.  *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).

In light of our April 29, 2009 order denying appointment of counsel and stating that no motions for reconsideration shall be filed or entertained, we do not consider Morgan's challenge to the denial of appointment of counsel.

Morgan's remaining contentions are unpersuasive.

**AFFIRMED.**